UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DANIEL W. RICHARDSON** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 13-2443** |
| **BURL CAIN, WARDEN** | * | **SECTION: "C"(1)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. Section 2254(e)(2). For the following reasons, **IT IS HEREBY RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

### I.     Procedural Background

Petitioner, Daniel W. Richardson, is a state prisoner incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. On March 26, 2008, Richardson was convicted by a jury in the 22nd Judicial District Court, Parish of St. Tammany, Louisiana, of one count of second degree murder, in violation of La. R.S. 14:30.1.[1] He was subsequently sentenced to serve a term of life imprisonment, at hard labor, without benefit of parole, probation or suspension of sentence, with credit for time served.[2] Richardson timely filed an appeal[3] and the Louisiana First Circuit Court of Appeal affirmed his conviction and sentence on March 27, 2009. State v. Richardson, 926 So.2d 665 (La. App. 1st Cir. 3/27/09).[4] A subsequent pro se request for a writ of certiorari/review to the Louisiana Supreme Court was filed on or about May 3, 2009[5] and denied on January 8, 2010. State

---

[1] State Rec. vol. 3, p. 729.

[2] State Rec. vol. 3, p. 732.

[3] The sole issue on appeal was whether the evidence was sufficient to support Richardson's conviction of second degree murder.

[4] A copy of this decision can be found in State Rec. vol. 2.

[5] This date is deemed as the filing date after the following considerations. Under Louisiana law, the date that a pro se prisoner places his petition in the prison mail system is generally considered the filing date. Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Petitioner did not date the writ application filed with the Louisiana Supreme Court other than to write "2009". The record contains a letter from the Louisiana Supreme Court, Re: 2009-KO-1109, dated May 20, 2009 that indicates that the writ application was post-marked on May 3rd, 2009 and filed into the court record on May 20, 2009. See State Rec. vol. 4. The mailing envelope to the Louisiana Supreme Court appears to have two stamps: one for May 7, 2009 and another stamped "'received" on May 8, 2009. See State Rec. vol. 5. The letter and supporting documents received, pursuant to this Court's Order dated August 14, 2013, from the Louisiana State Penitentiary indicate that Richardson did not send legal mail during the months of April or May 2009 through the Indigent Mail System nor did he certify an article of mail at that time. Additionally, although a copy of a writ application to the

v. Richardson, 24 So.3d 861 (La. 1/8/10).[6] Petitioner did not file for review with the U.S. Supreme Court.

On October 29, 2010, petitioner, pro se, filed an application for post-conviction relief with the state district court.[7] Relief was denied on June 18, 2012.[8] A request for review was filed with the Louisiana First Circuit Court of Appeal on or about July 16, 2012.[9] The First Circuit denied relief on September 12, 2012.[10] A request for review of this decision was then filed with the

---

Louisiana Supreme Court, signed and dated April 20, 2009, was submitted to this court by Richardson, see Rec. Doc. 5-1, p. 9, it was clearly not filed in the Louisiana Supreme Court at that time. Proof that it was not filed has been provided by Richardson himself. On August 27, 2013, Richardson submitted to this court a copy of correspondence from the Supreme Court of Louisiana which indicates that the writ he attempted to file was instead returned to him on April 27, 2009 as "unfiled" because he failed to comply with La. Sup. Ct. R. X §2(a) and attach appropriate documentation. See Rec. Doc. 15. Thus the court uses the earliest date when the application could have been deemed filed, i.e., the May 3, 2009 post-mark date noted by the Louisiana Supreme Court in its May 20, 2009 letter.

[6] A copy of this decision can be found in State Rec. vols. 4 and 5.

[7] State Rec. vol. 4. The application was signed and dated October 29, 2012 and the certificate of service was dated the same date.

[8] State Rec. vol. 5 contains a copy of this decision. On May 24, 2012, Richardson also filed a writ of mandamus with the First Circuit requesting that the trial court be ordered to act on his post-conviction application. See State Rec. vol. 5 for a copy of the writ of mandamus. The First Circuit denied the writ of mandamus as moot on July 2, 2012. See State Rec. vol. 4.

[9] State Rec. vol. 5 contains a copy of this application. The application was signed on July 16, 2012 and stamped as filed on July 18, 2012.

[10] State Rec. vol. 4 or 5, contains a copy of the Louisiana First Circuit's decision in State v. Richardson, Writ No. 12-KW-1245 (La. App. 1st Cir. 9/12/12).

Louisiana Supreme Court on or about September 28, 2012.[11] The Louisiana Supreme Court denied relief on February 22, 2012. <u>State ex rel. Richardson v. State</u>, 108 So.3d 767 (La. 2/22/12).[12]

On or about March 14, 2013,[13] Richardson filed a petition for writ of habeas corpus with this court.[14] Therein, Richardson brings the following claims:  1) That the evidence was insufficient to support his conviction of second degree murder; 2) that he was deprived of the right to full and complete judicial review on appeal; and, 3) that he was denied his right to the effective assistance of counsel as provided by the Sixth and Fourteenth Amendments of the United States Constitution in that trial counsel failed to file a motion for appointment of sanity commission and failed to subpoena crucial witnesses.

---

[11]State Rec. vol. 5, Letter from Louisiana Supreme Court noting 10/3/12 as post-mark date and 10/4/12 as filing date. However, the application was signed and dated by Richardson on 9/28/12.

[12]State Rec. vol. 5 contains a copy of this decision.

[13]Richardson signed and dated his federal habeas application on March 14, 2013 but it was not filed in this court until April 18, 2013.The U.S. Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, when submitted to federal courts by prisoners acting <u>pro se</u>. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. <u>Coleman v. Johnson</u>, 184 F.3d 398, 401 (5th Cir. 1999), <u>cert</u>. <u>denied</u>, 529 U.S. 1057 (2000). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing.  See <u>Colarte v. Leblanc</u>, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); <u>Magee v. Cain</u>, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); <u>Punch v. State</u>, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).The court thus gives Richardson the benefit of the earlier date of March 14, 2013, the date he signed the petition, when calculating his federal limitations period.

[14]Fed. Rec. Doc. 1.

4

The State responds that petitioner is untimely in bringing his federal habeas petition. For the following reasons, the court agrees with the State's position and finds the petition to be time-barred.

**II.     Statute of Limitations**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. §2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of the time for seeking review. See 28 U.S.C. § 2244(d)(1)(A) (West 2013), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.

Richardson's writ of certiorari was untimely filed with the Louisiana Supreme Court as it was not filed within thirty days of the Louisiana First Circuit's March 27, 2009 decision affirming his conviction and sentence. See  La. Sup. Ct. R. X, §5(a).[15] Thus his conviction became final, for federal limitations purposes, when the time for appealing that decision expired or on April 27, 2009. See Butler v. Cain, 533 F.3d 314, 317-20 (5th Cir. 2008)(untimely writ application to Louisiana Supreme Court does not affect the finality date of prisoner's criminal judgment for purposes of

---

[15]Louisiana Supreme Court Rule X, Section 5 provides, in pertinent part:
Writ Applications; Time for Filing.
(a) An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs (but not when the court has merely granted an application for purposes of further consideration), or after a denial of an application, <u>shall be made within thirty days</u> of the mailing of the notice of the original judgment of the court of appeal; however, if a timely application for rehearing has been filed in the court of appeal in those instances where a rehearing is allowed, the application shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing. No extension of time therefor will be granted (emphasis added).

§2244(d)(1)(A)). See also Wilson v. LeBlanc, 2013 WL 4648474, at *2 (E.D. La. 2013); Allen v. Tanner, 2011 WL 4344586, at *2 (E.D. La. Aug. 19, 2011); Boudreaux v. Cain, 2009 WL 4730706, at *3 (E.D. La. Dec. 9, 2009).

Under a plain reading of the statute, Richardson then had one year within which to file his federal habeas petition, or a deadline of April 27, 2010. Richardson did not file his federal habeas petition with this court until March 14, 2013.[16] Thus, his challenge to his 2008 conviction must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As the previously-mentioned procedural history indicates, Richardson filed his first state post-conviction application on October 29, 2010. This post-conviction application, however, could not interrupt the federal one year limitations period as it was filed 6 months after the one year limitations period of April 27, 2012 had expired. See Butler v. Cain, 533 F.3d at 318 (state post-conviction petition filed more than one year after the conclusion of direct review did not toll the federal limitations period as "there was nothing to toll".)

Thus, unless Richardson can show that he is entitled to equitable tolling, his federal habeas petition is time-barred from federal review.

---

[16]Fed. Rec. Doc. 1.

### III.     Equitable Tolling

The Supreme Court has affirmed that the AEDPA "statute of limitations defense ... is not jurisdictional." Holland v. Florida, – U.S. –, –, 130 S.Ct. 2549, 2560 (2010).  As such, the federal statute of limitations is customarily subject to equitable tolling. Id.  "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." Rivera v. Quarterman, 505 F.3d 349 (5th Ci. 2007), citing Davis v. Johnson, 158 F.3d 806 (5th Cir. 1998).

The Holland court adopted the established standard for determining whether equitable tolling applies: "[T]hat a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace, 544 U.S. 408, 418 (2005). See also Davis, 158 F.3d at  810. "'Equitable  tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996). What constitutes an "extraordinary circumstance" necessarily involves a "fact-intensive" inquiry.  Holland, 130 S.Ct. at 2565. "In order for equitable tolling to apply, the applicant must diligently pursue his §2254 relief." Id.  Moreover, the petitioner bears the burden of establishing entitlement to equitable tolling in the AEDPA context.  Philips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000).

In this instance, petitioner has made no specific argument in favor of equitable tolling, despite the State's asserted time-bar defense. Accordingly,

## **RECOMMENDATION**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that the petition for federal habeas corpus relief filed by Daniel W. Richardson be **DISMISSED WITH PREJUDICE as untimely.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc). [17]

New Orleans, Louisiana, this 23rd day of September, 2013.

_____
SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE

---

[17]*Douglas* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.